IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

SEAN FITZGERALD ROWELL,

                Petitioner,                         ORDER

v.

                                                         21-cv-338-wmc

REED RICHARDSON, Warden,
Stanley Correctional Institution,

                Respondent.

     Sean Fitzgerald Rowell, presently confined at the Stanley Correctional Institution, has filed an application for a writ of habeas corpus under 28 U.S.C. § 2254 and has paid the five dollar filing fee. (Pet. (dkt. #1).) The petition is before the court for preliminary screening under Rule 4 of the Rules Governing Section 2254 Cases. Because it plainly appears that Rowell is not entitled to relief, this petition must be dismissed. Rule 4.

     Rowell is serving a life sentence for first degree intentional homicide while using a dangerous weapon, of which he was convicted in 1997. Since that time, Rowell has challenged his conviction in various courts, filing a direct appeal, several state court post-conviction motions, and a federal habeas petition. *See Reed v. Richardson*, 15-cv-229 (E.D. Wis.). All of those efforts were unsuccessful. In particular, the United States District Court for the Eastern District of Wisconsin dismissed Rowell's 2015 federal habeas petition with prejudice after finding it untimely, and the Court of Appeals for the Seventh Circuit declined to certify any issue for appeal. *Id*. (11/16/15 Dec. and Ord.); No. 15-3565 (7th Cir. Sept. 20, 2016).

     In his present petition, Rowell complains that the Wisconsin Court of Appeals has delayed unreasonably in adjudicating a petition for a writ of habeas corpus that Rowell

filed on February 12, 2018. But § 2254 offers a remedy only to state prisoners who contend they are in custody in violation of their federal constitutional rights. 28 U.S.C. § 2254(a). Without more, the mere failure of a state court to rule on a pending matter is not sufficient to state a constitutional claim. Moreover, absent an underlying constitutional claim or other basis for federal court jurisdiction, federal courts do not have general supervisory authority over state courts. The only court that would have such authority would be the Wisconsin Supreme Court, but Rowell admits he has not sought relief from that court.

Finally, insofar as Rowell's petition can be construed as yet another attempt to challenge his underlying conviction, this court lacks authority to consider it. Successive collateral attacks like Rowell seeks to bring are permitted under only certain narrow grounds, and only the federal courts of appeal can decide whether those grounds are present in any given case. 28 U.S.C. § 2244(b). Because Rowell has not been authorized by the Seventh Circuit to file the instant petition, it must be dismissed.

## ORDER

IT IS ORDERED that Sean Fitzgerald Rowell's habeas petition brought under 28 U.S.C. § 2254 is DISMISSED as without merit or as an unauthorized successive petition.

Entered this 20th day of May, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge